**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4823**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DAKOTA BROWN,

          Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:10-cr-01203-PMD-1)

---

Submitted:  February 21, 2012      Decided:  February 29, 2012

---

Before SHEDD and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  William N. Nettles, United
States Attorney, Matthew J. Modica, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Dakota Brown was convicted of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced him to 108 months' imprisonment. On appeal, Brown argues that the district court improperly limited his cross-examination of a law enforcement witness and that the Government failed to produce sufficient evidence to support his conviction. We affirm.

We review the district court's evidentiary rulings for abuse of discretion. United States v. Blake, 571 F.3d 331, 350 (4th Cir. 2009). "A district court abuses its discretion when it acts arbitrarily or irrationally, . . . relies on erroneous factual or legal premises, or commits an error of law." United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007). We consider "the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted).

"District courts . . . retain wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about[] . . . prejudice, confusion of the issues, . . . or interrogation that is . . . only marginally relevant." United States v. Ayala, 601 F.3d 256, 273 (4th Cir.) (internal quotation marks omitted), cert. denied, 131 S. Ct. 262 (2010).

2

Here, the district court declined to permit Brown's counsel to cross-examine the primary Government witness — a law enforcement officer — regarding a reprimand he had received for conduct that was wholly unrelated to the charge for which Brown was on trial. Cross-examination about the reprimand would have been, at best, only marginally relevant to an assessment of the officer's credibility. Coupled with the possibility for confusion and prejudice, we are not persuaded that the district court abused its discretion in prohibiting cross-examination on such a collateral matter.

Turning to the sufficiency of the evidence, we review a district court's denial of a Fed. R. Crim. P. 29 motion de novo. United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir.), cert. denied, 132 S. Ct. 564 (2011). We must affirm "[i]f there is substantial evidence to support the verdict, after viewing all of the evidence and the inferences therefrom in the light most favorable to the Government." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994). "In assessing the evidence, the jury's resolution of all evidentiary conflicts and credibility determinations must be given deference." United States v. Bonner, 648 F.3d 209, 213 (4th Cir. 2011).

Brown argues that the only evidence he possessed a firearm was the testimony of a law enforcement witness; he

3

accurately observes that there was no forensic evidence linking him to the gun. However, we have held that the uncorroborated testimony of a single witness may be sufficient evidence of guilt. United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997). As the verdict here rests on substantial evidence, we cannot accept Brown's invitation to disturb it by substituting the jury's credibility determinations with our own.

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4